IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| v. | : | CRIMINAL NO. 17-309 |
| MIGUEL DOMINGO BARBOSA | : | |

## GOVERNMENT'S SENTENCING MEMORANDUM

### I.  INTRODUCTION

Defendant Miguel Domingo Barbosa, hereinafter "Barbosa," is a native and citizen of Brazil, who has previously been deported from the United States on four prior occasions, and was found in the United States after illegally gaining entry into the country.

On May 2, 2017, ICE officers arrested Barbosa at the Philadelphia ICE-ERO field office after he turned himself in and requested to return to Brazil.  He admitted that he had been deported four times and that he illegally entered the United States without inspection and admission.  He stated that he did not have a document that permitted him to legally reside in the United States.  Finally, he admitted that he did not obtain permission from the Secretary of Homeland Security or Attorney General to re-enter the United States after his deportation.

On June 8, 2017, a federal grand jury returned an indictment that charged Barbosa with illegal re-entry after deportation, in violation of 8 U.S.C. § 1326(a).

### II.  SENTENCING CALCULATION

For a violation of 8 U.S.C. § 1326(a), the defendant is subject to two years' imprisonment, a one-year period of supervised release, a $250,000 fine, and a $100 special assessment.

The applicable sentencing guideline range can be found in USSG §2L1.2(a), wherein the base offense level is 8. Based on the defendant's acceptance of responsibility, he is entitled to a two level reduction in the offense level, which results in an adjusted offense level of 6. The defendant has no criminal history, which results in criminal history category I. The applicable sentencing guideline range is 0 to 6 months imprisonment.

## III.  SENTENCING RECOMMENDATION

The government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory range, subject only to deferential appellate review for reasonableness. However, our point is that a district court must consider the guideline range, and is usually well advised to follow the Sentencing Commission's advice, in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no 18 U.S.C. § 3553(a) factors in this particular case which militate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guideline punishment. The nature of the crime, the need to afford adequate deterrence, and to avoid unwarranted sentence disparities are the most significant factors and each warrants a sentence within the applicable guideline range. Accordingly, the government recommends an ultimate finding by the Court that the applicable sentencing guideline range is 0 to 6 months' imprisonment for this defendant and that the Court fashion a sentence within that range to punish the defendant for his criminal conduct and to deter the defendant

from attempting to reenter the United States once again.

                                                Respectfully submitted,

                                                LOUIS D. LAPPEN
                                                Acting United States Attorney

                                       /s/ ANITA EVE
                                                ANITA EVE
                                                Assistant United States Attorney

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the Government's Sentencing Memorandum has been served by me, this date, by electronic mail upon:

>Felicia Sarner, Esquire
>Defenders Association
>Federal Court Division
>The Curtis Center, Suite 540 West
>Independence Square West
>Philadelphia, PA 19106

>/s/ ANITA EVE
>ANITA EVE
>Assistant United States Attorney

DATED: August 8, 2017